O

# United States District Court
# Central District of California

| | |
|---|---|
| LOTTE GLOBAL LOGISTICS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> ONE WAY ONLY TRANS, INC. et al, <br><br> Defendants. | Case № 2:23-cv-03558-ODW (ASx) <br><br> **ORDER DENYING MOTION FOR SUMMARY JUDGMENT [52]** |

## I.   INTRODUCTION

Plaintiff Lotte Global Logistics Co., Ltd. ("Lotte"), as assignee of Samsung SDI Co., Ltd. ("Samsung"), brings this interstate shipping and bailment action against Defendants One Way Only Trans, Inc. ("One Way"), STPW Inc. ("STPW") and OMI Truck Parking Facilities, Inc. ("OMI"). (Notice of Removal Ex.A ("Compl."), ECF No. 1.)  Lotte now moves for summary judgment against OMI for breach of bailment resulting in the loss of Samsung's cargo. (Mot. Summ. J. ("Mot." or "Motion"), ECF No. 52; Compl. ¶¶ 27–29.)  For the reasons discussed below, the Court **DENIES** the Motion.[1]  (ECF No. 52.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The following undisputed facts are taken from Lotte's Statement of Uncontroverted Facts ("PSUF"), ECF No. 52-3, OMI's Statement of Genuine Disputes ("DSGD") and Additional Material Facts ("DAMF"), ECF No. 53-1, and the Court's Order Granting Lotte's Motion for Summary Judgment as to One Way and STPW ("First MSJ Order"), ECF No. 42.[2]

Lotte is a Korean corporation that provides domestic and international trade logistics services. (PSUF5.) One Way and STPW are California corporations that provide domestic trucking services. (First MSJ Order 2.) OMI is a California corporation that operates a ten-acre container storage yard in the City of Commerce, California ("OMI Yard"). (PSUF8–9.) This action arises from the theft of one shipping container of lithium-ion batteries (the "Cargo") stolen from the OMI Yard. (*See* Compl. ¶¶ 9, 12.)

Samsung manufactures and exports lithium-ion batteries, and agreed to sell and deliver its batteries to a buyer in Arizona. (First MSJ Order 2.) Samsung retained Lotte to arrange for transport of a seventeen-container shipment ("Shipment") via ocean carrier to the Port of Los Angeles in California ("Port"), and then via motor carrier to Arizona. (PSUF6; First MSJ Order 2.) As relevant here, Lotte contracted with One Way to transport the Shipment from the Port to Arizona. (DAMF2.) One Way's owner, Victor Melendez, was also a driver for STPW and arranged for STPW to transport the Shipment to Arizona using STPW's tractors. (DAMF3; First MSJ Order 3.)

Thus, after the Shipment arrived at the Port, on November 16, 2022, STPW drivers, including Melendez, picked up containers in the Shipment, including the Cargo, and dropped them off at the OMI Yard for storage based on a container agreement, or bailment agreement, between OMI and STPW. (PSUF12, 16;

---

[2] To the extent the Court includes facts from the Order Granting Lotte's Motion for Summary Judgment against One Way and STPW, such facts are provided here for context only, and are not material to the resolution of Lotte's present Motion against OMI.

2

DAMF5.) Melendez drove the tractor with the Cargo container. (PSUF16.) He prepared STPW's proof of delivery form for the container by recording pertinent information, including the container number (CGMU5420924), chassis number (TLXZ4520924), and seal number (H8269960) on STPW letterhead, and upon arrival at the OMI Yard, presented the STPW form to OMI personnel receiving the container. (PSUF17.) OMI was not informed of the contents of the Cargo or the duration of storage. (DAMF6.)

At the OMI Yard, OMI had a single dispatcher working at the gate for receiving and releasing containers, and no security guard. (PSUF10.) OMI also did not have a list of authorized STPW drivers, so the dispatcher identified STPW authorized drivers by their STPW tractors and STPW paperwork. (PSUF11.) Before OMI would release a container from the OMI Yard, a driver had to present a company slip with the correct information for the container number, chassis number, and seal number of the container the driver sought. (DSGD11; PSUF13.)

On the evening that Melendez dropped off the Cargo, at approximately 11:45 p.m., a driver in a red tractor with STPW placards presented a forged proof of delivery on STPW letterhead to the OMI dispatcher, picked up the container with the Cargo, and left the OMI yard seventeen minutes later, on November 17, 2022, at 12:02 a.m. (PSUF18.) The Cargo's container was later found empty in Ontario, California. (First MSJ Order 4.) OMI turned over the security video of the Cargo container's theft to STPW, but STPW lost the video. (DAMF13.) The Shipment's remaining sixteen containers were delivered to Arizona without incident. (First MSJ Order 4–5.)

Lotte paid the Cargo's invoice value to Samsung in exchange for an assignment of Samsung's right to recover from Defendants. (PSUF20.) Lotte thus brings this action against One Way, STPW, and OMI seeking to recover for the lost Cargo. (Compl. ¶¶ 3–5, 29, Prayer ¶ 1.) Against OMI, Lotte asserts two causes of action: (1) negligence, and (2) breach of bailment. (Compl. ¶¶ 23–29.) Lotte moves for

3

summary judgment against OMI only for breach of bailment; it does not move on its cause of action for negligence. (Mot. 2; *see generally id.*) The Motion is fully briefed. (Opp'n, ECF No. 53; Reply, ECF No. 54.)[3]

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" where it might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the moving party satisfies its initial burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See id.* at 324; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must show that there are "genuine factual issues that . . . may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (emphasis omitted) (quoting *Anderson*, 477 U.S. at 250). Courts should grant summary judgment against a party who fails to make a sufficient showing on an element essential to her case when she will ultimately bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

In ruling on summary judgment motions, courts "view the facts and draw reasonable inferences in the light most favorable" to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks omitted). Conclusory, speculative, or "uncorroborated and self-serving" testimony will not raise genuine

---

[3] The Court **DENIES** as moot Lotte's objection to OMI's Declaration of Darryl Thibault submitted in support of OMI's opposition, because the Court does not rely on this declaration in resolving the Motion. (*See* Decl. Darryl Thibault ISO Opp'n, ECF No. 53-4; Lotte Evid. Obj., ECF No. 54-3.)

4

issues of fact sufficient to defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

The court may assume that material facts claimed and adequately supported are undisputed except to the extent that such material facts are (a) included in the opposing party's responsive statement of disputes *and* (b) controverted by declaration or competent written evidence. C.D. Cal. L.R. 56-4. The Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced. *Id.*

## IV. DISCUSSION

Lotte moves for summary judgment against OMI on Lotte's cause of action for breach of bailment, arguing that it can recover from OMI because Lotte is the assignee of the Cargo's owner and OMI is absolutely liable as bailee for its misdelivery of the Cargo. (Mot. 5–9.) OMI contends the Court must deny summary judgment because the question of whether OMI acted unreasonably in releasing the Cargo is disputed and material to its affirmative defense, and thus a triable issue of fact. (Opp'n 5.)

**A.  Lotte's Right to Recover as Assignee Against OMI**

Lotte contends that it may legally recover from OMI for the loss of Cargo because Lotte is the assignee of the Cargo's owner and a third-party beneficiary to the bailment agreement between STPW and OMI. (Mot. 6.)

OMI does not oppose Lotte's argument on this issue. (*See generally* Opp'n.) The Court views this failure to oppose as OMI's abandonment or concession regarding Lotte's authority to bring this action. *See, e.g.*, *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding that plaintiff abandoned claims by not raising them in opposition to motion for summary judgment); *Est. of*

5

*Alvarado v. Tackett*, No. 13-cv-1202-W (JMAx), 2018 WL 4205392, at *4 (S.D. Cal. Sept. 4, 2018) (finding that failure to address summary judgment issues in opposition constitutes a concession as to those issues).

Accordingly, the Court finds that Lotte may enforce the bailment agreement against OMI as assignee of the Cargo-owner, and bailor and third-party beneficiary to the bailment agreement.

**B.     Breach of Bailment[4]**

Lotte contends the undisputed facts establish that OMI, as bailee, has absolute liability for the misdelivery of the Cargo.[5] (Mot. 6–9.) OMI contends that disputed issues regarding its affirmative defense, specifically the reasonableness of its conduct surrounding the theft, preclude entry of summary judgment. (Opp'n 4–6.)

A bailment is a contractual relationship, generally defined as "the delivery of a thing to another for special . . . purpose, on a contract, express or implied, to conform to the . . . purposes of the delivery." *Windeler v. Scheers Jewelers*, 8 Cal. App. 3d 844, 850 (1970). A bailor may assert a "[b]reach of the bailment contract . . . when there is a failure to return that which was bailed." *Gebert*, 172 Cal. App. 3d at 551. The bailee is "held to the exercise of ordinary care in relation to the subject-matter of the bailment and is responsible for loss or injury resulting from his failure to use ordinary care." *Windeler*, 8 Cal. App. 3d at 850.

The bailor must plead and prove "[1] the deposit of property with the bailee, [2] a demand therefor, and [3] the failure of the bailee to redeliver." *Vilner v. Crocker*

---

[4] In California, the traditional bailee/bailor language has been replaced by language that would denominate the bailor as the "depositor" and the bailee as the "depositary." *See* Cal. Civ. Code § 1814. The case law continues to employ the common law terms, bailment, bailor, and bailee. *Gebert v. Yank*, 172 Cal. App. 3d 544, 551 (1985). The Court uses the traditional terms for ease of reference and to align with case law and the parties' briefing.

[5] Lotte cites out-of-circuit case law and cases that pre-date those the Court cites herein for Lotte's mistaken assertion that absolute liability for misdelivery applies here. (Mot. 6–9.) As discussed below, OMI may be found liable for failure to redeliver only if it cannot establish the absence of its own negligence by a preponderance of the evidence. *Gardner v. Jonathan Club*, 35 Cal. 2d 343, 348 (1950) ("*Jonathan Club*"); *Gebert*, 172 Cal. App. 3d at 552, 553 ("[A] bailee who fails to redeliver must establish that it is without fault" by a preponderance of the evidence).

*Nat'l Bank*, 89 Cal. App. 3d 732, 737 (1979) (quoting *Jonathan Club*, 35 Cal. 2d at 348). The burden then shifts to "the bailee to explain his failure." *Id.* "[T]he bailee must prove it exercised due care in its care and custody of th[e bailed] property." *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713, 715 (1986). "If it fails to establish the absence of negligence the bailee is liable to the bailor . . . ." *Id.* "This is true even where a third person stole the subject of the bailment and thus made redelivery impossible." *Id.*

Here, Lotte establishes without dispute that Lotte, the bailor, effectively deposited the Cargo with OMI, via One Way and STPW, and that OMI, the bailee, failed to redeliver the Cargo. However, Lotte does not establish—in this Motion against OMI—that it made a demand on OMI to deliver the Cargo. Perhaps this is a fact that is known or accepted between the parties, but it does not appear in the statements of undisputed fact or supporting evidence underlying this Motion. (*See generally* PSUF; DAMF.) Therefore, Lotte fails to meet its burden and, correspondingly, fails to establish that it is entitled to judgment as a matter of law on its claim against OMI for breach of bailment.

Summary judgment must also be denied because OMI raises genuine issues of material fact regarding whether it exercised due care with respect to the Cargo. The undisputed facts establish that OMI maintained a dispatcher at the only entrance for releasing containers, and that OMI's dispatcher would not release a container without an appropriate company slip containing correct information for the desired container. Also undisputed is that OMI released the Cargo to a driver in a red tractor with STPW placards who presented a forged STPW document with the Cargo's correct container information. From this, it appears that either an STPW imposter or an STPW employee stole the Cargo. Regardless, it is undisputed that OMI followed its safeguards for releasing containers pursuant to the bailment agreement.

Lotte argues OMI's safeguards were inadequate, and that OMI should have had a complete list of possible STPW drivers and more secure release procedures.

(Mot. 6–9.) However, whether OMI's safeguards and release procedures were unreasonable—such that OMI failed to exercise due care for the Cargo and is thus liable for the Cargo's loss—is a triable question of fact. *See Intercargo Ins. Co. v. Burlington N. Santa Fe R.R.*, 185 F. Supp. 2d 1103, 1114–15 (C.D. Cal. 2001) (denying summary judgment on breach of bailment claim where the defendant raised a triable issue regarding whether its container yard security was inadequate and caused the theft of a shipment). Therefore, OMI raises a triable issue of fact with respect to whether it exercised due care when it released the Cargo.

In sum, Lotte fails to establish it is entitled to judgment as a matter of law on its claim for breach of bailment, and OMI raises triable issues of fact on its affirmative defense to this claim. For these reasons, summary judgment is not appropriate.

**C.  Bailment Agreement Waiver**

OMI also argues that the bailment agreement with STPW, by which OMI became the ultimate bailee of the Cargo, includes a waiver of liability that precludes OMI's liability here. (Opp'n 6–8.) In light of the Court's conclusion that summary judgment is not appropriate, the Court declines to reach OMI's waiver argument.

## V.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Lotte's Motion for Summary Judgment against OMI. (ECF No. 52).

**IT IS SO ORDERED.**

September 13, 2024

_____
 **OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

8